IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                CRIMINAL NO. 5:17-00113

VELARIAN CARTER,
DETRIA CARTER,
RASHAUN CARTER,
CHARLES HILL,
JAMES RODNEY STAPLES,
KARL FUNDERBURK,
LETINA CARTER,
ESAU BURNETTE,
DERRICK STAPLES,
DOMINIC COPNEY,
COREY LARKIN,
GEORGE BROCKMAN,
SHAUN JONES,
SHAUN GIVINS,
JONATHAN BROCKMAN,
JONATHAN VINCENT MOORE,
SHANN AKIEM ANDERSON, and
SHAUN COLEMAN

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant, George Brockman's Amended Motion to Continue this matter before the court. (Doc. No. 355). The court GRANTS defendant's motion for the reasons below.

In support of the motion, defense counsel for Mr. Brockman requests additional time to review discovery. First, defendant states that the discovery is voluminous, "includ[ing] hundreds

of telephone correspondence" records.  Id. at ¶ 5.  Second, based upon communications with the U.S. Attorney's Office, defendant's counsel expects to receive additional discovery.  Id. at ¶ 3.  Third and finally, defense counsel represents that the government does not object to the proposed continuance.  Id. at ¶ 8.

The court believes that failure to grant the requested continuance would likely prejudice defense counsel's ability to represent the defendant adequately and would likely prejudice additional defendants in this matter.  Because failure to grant the requested continuance would likely result in a miscarriage of justice, the court finds that the ends of justice outweigh the best interest of the defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  In deciding to grant defendant's motion, the court considered the factors outlined in 18 U.S.C. § 3161(h)(7)(B) and finds that denying the motion "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).  Deeming it proper to do so, the court **GRANTS** defendant's motion to continue.[1]

Accordingly, the court **ORDERS** as follows:

---

[1] The original motion to continue, (Doc. No. 354), is DENIED as moot.

I.   Trial of this action is continued until **Tuesday, November 14, 2017, at 9:30 a.m.**, in Beckley;

II.  Pre-trial motions filed on or before **Wednesday, October 25, 2017**;

III. A pretrial motions hearing is scheduled for **Wednesday, November 1, 2017, at 10:30 a.m.,** in Charleston; and

IV.  Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of defendant's motion until the trial is excludable for purposes of the Speedy Trial Act.[2]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

It is **SO ORDERED** this 12th day of September, 2017.

ENTER:

David A. Faber
Senior United States District Judge

---

[2] The court notes that, for purposes of determining compliance with the Speedy Trial Act, "in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983); see also United States v. Walker, Nos. 95-5914, 96-4247, 96-4110, 1997 WL 358770, *3 (4th Cir. June 30, 1997) (quoting Piteo).